Filed 2/29/16  In re Reyna S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re REYNA S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>REYNA S.,<br><br>    Defendant and Appellant. | G052422<br><br>(Super. Ct. No. DL048079)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Reyna S. was adjudged a ward of the court pursuant to Welfare and Institutions Code section 602 for having assaulted and battered her mother (Pen. Code, §§ 240 & 242).  Appellant was represented by counsel and the juvenile court found the allegations true beyond a reasonable doubt.

The facts, while disturbing, are not complicated.  Reyna, a 13-year-old girl, did not come home one night.  When she returned home the next day she was accompanied by a friend Reyna's mother thought was "really high."  When the friend left the house, mom closed the door and blocked it to prevent Reyna from leaving again.  Reyna called her names and tried to get around her, but failing that, she resorted to violence, striking her mother in the face about 10 times until her mother was able to call the police and hold Reyna down until they arrived.

Reyna denied all this, asserting her mother inexplicably grabbed her as she was trying to leave the house and hit her.  An altercation ensued, during which mom did not hit Reyna, but held her shoulders and pushed her to the couch.  Reyna's trial counsel argued self-defense.  But the judge explicitly adopted mom's account, and that left no room for self-defense.

Reyna appealed, and we appointed counsel to represent her.  Counsel filed a brief which set forth the facts of the case and points counsel had considered as possible appellate issues:  sufficiency of the evidence and Reyna's ability to appreciate the wrongfulness of her acts.  Counsel did not argue against his client, but advised the court he could find no issues to argue on appellant's behalf.  His brief complied with the requirements of *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436.  Appellant was given 30 days to file written argument in her own behalf.  That period passed, and we received no communication from appellant.

We examined the record ourselves to see if we could find any arguable issue and found no putative error in the determination of appellant's guilt.  We find ourselves in agreement with appellate counsel that there are no appellate issues with a

2

reasonable prospect of success with respect to appellant's guilt or the judgment imposed upon her.

DISCUSSION

There is really very little to say here. Reyna admits she hit her mother repeatedly. That fulfills the requirements of the two statutes involved: assault and battery. She disputes how the incident started – a point the trial judge resolved against her – but even she admits her mother never hit her, but merely grabbed her shoulders.

This was a credibility contest. Only one of the two versions of the facts could be correct and the trial judge believed it was the version set forth by Reyna's mother. We cannot, from this vantage point, second-guess that call, and there is nothing else that suggests itself as a possible issue. We have no doubt that a 13-year-old knows the wrongfulness of hitting her mother – or anyone, for that matter. And it is difficult to imagine evidence more substantial than your own mother testifying against you. So we must conclude appellate counsel was correct in abandoning those arguments – and we can't find any others.

In short, there was really nothing much defense could have done in this case and the trial was correctly and appropriately conducted. We find no appellate issues. The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

3